UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **R. ALEXANDER ACOSTA**, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> **KHAYAT ENTERPRISES, INC.**, an Illinois corporation, **d/b/a CHICAGO WOODFIRE PIZZA COMPANY**, **CHRISTIAN KHAYAT**, and **TWYLA KHAYAT**, individuals, <br><br> Defendants. | Civil Action No.: 1:18-cv-2907 |

## COMPLAINT

Plaintiff, **R. ALEXANDER ACOSTA**, Secretary of Labor, United States Department of Labor, brings this action to enjoin defendants **KHAYAT ENTERPRISES, INC.** an Illinois corporation, **d/b/a CHICAGO WOODFIRE PIZZA COMPANY**, **CHRISTIAN KHAYAT**, and **TWYLA KHAYAT**, individuals, (hereinafter collectively "defendants") from violating the provisions of sections 6, 7, 11 and 15 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201, *et seq*.), (hereinafter "the Act"), pursuant to section 17 of the Act.

**I**

Jurisdiction of this action is conferred upon the court by section 17 of the Act and 28 U.S.C. § 1345.

**II**

A.  Defendant **KHAYAT ENTERPRISES, INC.** is and, at all times hereinafter mentioned, was a corporation with a place of business at 6170 Grand Avenue, #337, Gurnee,

Lake County, Illinois, within the jurisdiction of this court, and is and, at all times hereinafter mentioned, was engaged in operating a pizza restaurant.

   **B.** At all times hereinafter mentioned, defendant **CHRISTIAN KHAYAT** was engaged in business within Lake County at 6170 Grand Avenue, #337, Gurnee, Illinois, within the jurisdiction of this court. Defendant **CHRISTIAN KHAYAT**, an individual, is the President and 50 percent owner of defendant **KHAYAT ENTERPRISES, INC.** and, at all times hereinafter mentioned, actively supervised the day-to-day operations and management of the corporate defendant in relation to defendant's employees at **KHAYAT ENTERPRISES, INC.** including, but not limited to hiring and firing employees, directing work, and setting pay practices. **CHRISTIAN KHAYAT** acted directly or indirectly in the interest of **KHAYAT ENTERPRISES, INC.** in relation to its employees and is an employer within the meaning of section 3(d) of the Act.

   **C.** At all times hereinafter mentioned, defendant **TWYLA KHAYAT** was engaged in business within Lake County at 6170 Grand Avenue, #337, Gurnee, Illinois, within the jurisdiction of this court. Defendant **TWYLA KHAYAT**, an individual, is the Secretary and 50 percent owner of defendant **KHAYAT ENTERPRISES, INC.** and, at all times hereinafter mentioned, actively supervised the day-to-day operations and management of the corporate defendant in relation to defendant's employees at **KHAYAT ENTERPRISES, INC.** including, but not limited to overseeing all administrative matters including processing and reviewing payroll and setting payroll practices. **TWYLA KHAYAT** acted directly or indirectly in the interest of **KHAYAT ENTERPRISES, INC.** in relation to its employees and is an employer within the meaning of section 3(d) of the Act.

III

Defendant **KHAYAT ENTERPRISES, INC.** is and, at all times hereinafter mentioned, was engaged in related activities performed through unified operation or common control for a common business purpose and is and, at all times hereinafter mentioned, was an enterprise within the meaning of section 3(r) of the Act.

IV

Defendant **KHAYAT ENTERPRISES, INC.** is and, at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has and has had an annual gross volume of sales made or business done of not less than $500,000.

V

Defendants repeatedly and willfully violated the provisions of sections 6 and 15(a)(2) of the Act by paying employee wages at a rate of less than $7.25 per hour in workweeks when said employees were engaged in commerce and in the production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid for all hours worked. Defendants failed to pay employees for hours worked while training and failed to pay employees at a rate of $7.25 in workweeks where they deducted charges for uniforms.

VI

Defendants repeatedly and willfully violated the provisions of sections 7 and 15(a)(2) of the Act, by employing many of their employees who in workweeks were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid, for workweeks longer than forty hours without compensating said employees for their employment in excess of forty hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed. Instead, Defendants paid employees their regular rate in cash for all hours worked in excess of 40 hours in a workweek.

VII

Defendants, employers subject to the provisions of the Act, repeatedly violated the provisions of sections 11(c) and 15(a)(5) of the Act in that they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. Part 516. Defendants failed to maintain complete and accurate records of employees' hours worked and cash payments.

VIII

During the period since January 30, 2017, defendants repeatedly and willfully violated the aforesaid provisions of the Act. A judgment which enjoins and restrains such violations and includes the restraint of any withholding of payment of unpaid minimum wage and overtime compensation found by the court to be due to present and former employees under the Act is expressly authorized by section 17 of the Act.

**WHEREFORE**, cause having been shown, plaintiff prays for a judgment against defendants as follows:

(a) For an Order pursuant to section 17 of the Act, permanently enjoining and restraining defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the provisions of sections 6, 7, 11, and 15 of the Act; and

(b) For an Order awarding plaintiff the costs of this action; and

(c) For an Order granting such other and further relief as may be necessary or appropriate.

**KATE S. O'SCANNLAIN**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

*/s/ Jing Zhang*
**JING ZHANG**
Attorney

U.S. Department of Labor
Office of the Solicitor
230 South Dearborn Street, Room 844
Chicago, Illinois 60604
Telephone: 312/353-1145
Facsimile: 312-353-5698
Email: zhang.jing@dol.gov

Attorneys for **R, ALEXANDER ACOSTA**, Secretary of Labor, United States Department of Labor, Plaintiff